David M. Gottfried, Esq.
Gottfried & Gottfried, LLP.
595 E River Road
Grand Island, New York 14072
*Attorney for Petitioner*

Dalbir Singh, Esq.
Dalbir Singh & Associates, P.C.
40 Wall Street, Floor 25,
New York, NY 10005
212-428-2000
advdalbir@gmail.com
*Pro Hac Vice Attorney for Petitioner*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT COURT OF NEW YORK**

---

**HARPREET SINGH**

       *Petitioner,*

  v.                                        Case No.

**DAREN D K MILLER;**
    **In his official capacity as the New York**
    **Field Office Director, U.S. Immigration**
    **& Customs Enforcement**         **PETITION FOR WRIT OF**
                                                           **HABEAS CORPUS PURUANT**
**KRISTI NOEM,**                                  **TO 28 U.S.C. § 2241**
    **In her official capacity as Secretary, U.S.**
    **Department of Homeland Security;**

**TODD M. LYONS,**
    **In his official capacity as Acting Director**
    **Of Immigration & Customs Enforcement.**
    **and,**

**PAMELA BONDI,**
    **In her official capacity as Attorney General,**
    **U.S. Department of Justice,**

       *Respondents.*

---

**INTRODUCTION**

Petitioner, Harpreet Singh ("Mr. Singh", "Petitioner"), is a 22-year-old man from India who petitions for a writ of habeas corpus under 8 U.S.C. § 2241, challenging the lawfulness of his detention by the Immigration and Customs Enforcement ("ICE"). On November 8, 2025, ICE detained Mr. Singh at the Buffalo Correctional Facility, 4250 Federal Drive Batavia, NY 14020 office without an individualized assessment that he posed a flight risk or a danger to the community and, therefore, without due process. He therefore seeks immediate release from custody.

**STATEMENT OF FACTS**

1. Mr. Singh entered the United States on July 17, 2018, at the Lukeville, Arizona Port of Entry. He was inspected and subsequently arrested at the port. He was later released on bond.

2. After his release, Mr. Singh was cared for by his cousin and legal guardian, Mandeep. Mr. Singh filed Form I-589, Application for Asylum and Withholding of Removal.

3. Mr. Singh later submitted a Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant (Special Immigrant Juvenile), on June 13, 2023. Concurrently, he filed a Form I-485, Application to Register Permanent Residence or Adjust Status, with USCIS.

4. On November 4, 2023, Mr. Singh's Form I-360 was approved with deferred action. He also holds a valid employment authorization document based on his pending relief before United States Citizenship and Immigration Services (USCIS).

5. Mr. Singh is employed as a truck driver. While passing through Buffalo, New York, he exited his vehicle to purchase coffee when he was stopped by an ICE officer. Petitioner was gainfully employed through authorization by the DHS. He was subsequently detained and placed in the Buffalo Federal Detention Facility, which falls within this Court's jurisdiction.

6. Upon information and belief, ICE has detained Petitioner pursuant to ICE policy that began on or about May 20, 2025, directing agents, and granting them power under the One Big Beautiful Bill ("OBBB") to detain individuals at ICE check-in appointments or immigration courts, or upon general inquiry, without an individualized assessment of an individual's flight risk, dangerousness, or moral character.

7. Upon reasonable belief and experience, Petitioner will soon be moved to a detention center out of this Court's jurisdiction.

## PARTIES

8. Petitioner Harpreet Singh is an Indian national who resided at 1261 Sanderling Drive, Greenwood, IN 46143 with his guardian Mandeep, prior to his ICE detention.

9. Respondent Edward Newman is the USCIS Buffalo Field Office Director. She is responsible for the functioning of, and processing of, all interviews, applications and immigration matter within the purview of the Field Office. Mr. Singh was arrested by ICE while he appeared for an interview on his immigration petition. Therefore, Respondent Newman is Mr. Singh's legal custodian who is sued in his official capacity.

10. Respondent Daren D.K. Miller is the Enforcement and Removal Operations Batavia Field Office Director. He is responsible for carrying out ICE's immigration detention operations across area. Respondent Miller is a legal custodian of Mr. Singh. He is sued in his official capacity.

11. Respondent Kristi Noem is named in her official capacity as the Secretary of DHS. In this capacity she is responsible for the administration of the immigration laws pursuant to Section 402 of the Homeland Security Act of 2002. 107 Pub. L. 296 (November 25, 2003); *see also* 8 U.S.C. § 1103(a); routinely transacts business in the District of New York; and is legally

responsible for Mr. Singh's incarceration and removal. She is therefore a custodian of Mr. Singh. Respondent Noem's office is located at DHS headquarters in Washington, DC, 20528.

12. Respondent Todd M. Lyons is the Acting Director of ICE. As the head of ICE, he is responsible for decisions related to detaining and removing certain noncitizens. Director Lyons is a legal custodian of Mr. Singh and is sued in his official capacity.

13. Respondent Pamela Bondi is named in his official capacity as the Attorney General of the United States. She is responsible for the administration of the immigration laws as exercised by EOIR, pursuant to 8 U.S.C. § 1103(g). She routinely transacts business in the Southern District of New York and is legally responsible for administering Mr. Singh's removal proceedings as well as the procedural standards used in those proceedings. She is therefore a legal custodian of Mr. Patel. Respondent Bondi's office is at DHS of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530.

## JURISDICTION AND VENUE

14. Respondents incarcerated Mr. Singh on November 8, 2025, in Buffalo, NY, and he is under the direct control of the Respondents and their agents.

15. This action arises under the Constitution of the United States, and the Immigration and Nationality Act ("INA").

16. Federal Courts have subject matter jurisdiction under 28 U.S.C. § 2441(c)(1) and (c)(3) (habeas corpus) to determine whether people imprisoned in federal custody are held in violation of law. *INS v. St. Cyr*, 533 U.S. 289, 305 (2001).

17. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question); 5 U.S.C. § 702 (waiver of sovereign immunity); 28 U.S.C. § 1346 (original jurisdiction); Article I, § 9, clause 2 of the

U.S. Constitution (Suspension Clause); the All Writs Act, 28 U.S.C. § 1651; and 28 U.S.C. §§ 2201-2202 (Declaratory Judgment Act).

18. Further, the Court has jurisdiction to grant injunctive relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201—02, 1651, 2241, and the All Writs Act, 28 U.S.C. § 1651. Mr. Singh's detention constitutes a "severe restraint[] on his individual liberty" interest such that Mr. Singh is "subject to restraints not shared by public generally" and "in custody in violation of the . . . laws . . . of the United States." *Hensley v. Municipal Court*, 411 U.S. 345 (1973)

19. The federal district courts have jurisdiction to hear habeas corpus claims by noncitizens challenging the lawfulness of their detention by DHS. *Jennings v. Rodriguez*, 583 U.S. 281, 292—95 (2018); *Denmore v. Kim*, 538 U.S. 510, 516—17 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

20. Venue properly lies in the Western District of New York, in Buffalo. 28 U.S.C. §§ 1391(b)(2), (e). This petition is filed while Mr. Singh is physically present within the district, as, upon information and belief, he is incarcerated in Buffalo, New York.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

21. Exhaustion is not necessary because Congress did not codify a requirement that petitioners seeking a writ of habeas corpus exhaust administrative remedies. *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) ("Where Congress specifically mandates, exhaustion is required… But where Congress has not clearly required exhaustion, sound judicial discretion governs. ") (citation omitted).

22. Further, exhaustion of remedies is unnecessary if futile. Here, exhaustion would be futile because Mr. Singh was detained pursuant to an ICE policy that is defined by its systematic

    denial of the very administrative remedy Respondents will likely urge him to avail himself of a bond hearing and then conclude that the Petitioner is not eligible for one, or in the alternative, that the Immigration Courts do not have jurisdiction to issue a bond to noncitizens. *See Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (Sotomayor, J.) (as amended) (judicial exhaustion may be excused when "available remedies provide no genuine opportunity for adequate relief" or exhaustion "would be futile"). Such hearings are provided for the purpose of custody redetermination— a hearing held by an immigration judge after ICE makes its initial decision to detain. 8 C.F.R. § 236.1(d). Such a hearing is no substitute for the requirement that ICE engage in a "deliberative process prior to, or contemporaneous with," the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause. *Lopez v. Sessions*, No. 18. Civ. 4189, 2018 WL 29327626, at *15 (S.D.N.Y. June 12, 2018); *Rampersaud v. Barr*, No. 19-16070 (D.N.J. Oct. 10, 2019).

23. Finally, even if meaningful administrative remedies were promptly available, Mr. Singh, as a noncitizen challenging the lawfulness of his ongoing immigration detention, is not required to exhaust those remedies under 8 U.S.C. § 2241. *Ashley v. Ridge*, 288 F. Supp. 2d 662, 666–69 (D.N.J. 2003).

## ARGUMENT

24. Mr. Singh's detention violates his Fifth Amendment right to due process because ICE detained him without notice, an opportunity to respond, or an individualized determination that he poses a flight risk or a danger to the community. Moreover. ICE acted in ill faith and misapplied laws and fact despite knowing the whole picture. "[T]he Fifth Amendment entitles noncitizens to due process of law . . . whether their presence here is lawful, unlawful, temporary, or permanent." *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020). "Noncitizens are also

entitled to challenge through habeas corpus the legality of their ongoing detention," including "the lawfulness of detention when it is first imposed." *Id.* "The Supreme Court has been unambiguous that executive detention orders, which occur without the procedural protections required in courts of law, call for the most searching review." *Id.*

25. The Second Circuit has held that the *Mathews v. Eldridge*, 424 U.S. 319 (1976), balancing test applies when determining the adequacy of process in the context of civil immigration confinement." *Valdez v. Joyce*, No. 25 Civ. 4627 (GBD), 2025 WL 1707737, at *3 (S.D.N.Y. June 18, 2025) (*citing Velasco Lopez*, 978 F.3d at 851). "The determination of what procedures are required under the Fifth Amendment requires consideration of: (1) the private interest that will be affected by the official action; 2) More specifically, if ICE wishes to detain a noncitizen under the detention authority vested under 8 U.S.C. § 1226(a), ICE must allow meaningful opportunity to the noncitizen to "demonstrate to the satisfaction of the officer that [] release would not pose danger to property and persons [,] and that the [noncitizen] is likely to appear for any future proceeding. 8 C.F.R. §§ 1236.1(c)(8), 236.1(c)(8). Typically, the Board of Immigration Appeals, or Circuit Courts cannot circumvent a noncitizen's due process rights, and the authority provided by the Immigration and Nationality Act ("INA") to interpret that a noncitizen can be detained for no cause, without presentation of a warrant or official charge of violation under the INA, and without an opportunity afforded to the noncitizen to present his case diligently and to his benefit.

26. ICE's policy, and the following precedents by the BIA have severely restrained the immigration courts and stripped them off their power to grant a discretionary bond determination where an Immigration Judge deems appropriate. In practice, two most recent BIA precedents take away the immigration court's discretionary power to grant discretionary

bonds to *all* noncitizens but for few exceptions as put in place by *Matter of Q-Li*, 29 I&N Dec. 66 (BIA 2025), and *Matter of Yajure-Hurtado*, 29 I&N Dec. 216 (BIA 2025)2

27. In the specific instance, Mr. Singh was detained by ICE pursuant to an ICE policy memorandum circulated, granting overbroad powers to ICE to detain noncitizens without individualized screening, assessment, or notice to be heard.

28. Up until now, since Mr. Singh's arrest, ICE and DHS have provided no reasonable cause for his continued detention. More specifically, if ICE wishes to detain a noncitizen under the detention authority provided by 8 U.S.C. § 1226(a), ICE must allow the noncitizen to "demonstrate to the satisfaction of the officer that [] release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding." 8 C.F.R. §§1236.1(c)(8), 236.1(c)(8); *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021). Under this binding authority, prolonged immigration detention becomes unreasonable and unconstitutional once it extends beyond the "brief" period Congress envisioned absent an individualized hearing at which the Government bears the burden to justify continued confinement. Recently, in *Valdez v. Joyce*, No. 25 Civ. 4627 (GBD), 2025 WL 1707737 (S.D.N.Y. June 18, 2025), the Southern District of New York applied the same constitutional principles in granting habeas relief to a noncitizen who was re-detained without any individualized determination of necessity. The *Valdez* court held that detention without a pre-deprivation hearing violates due process because it fails the *Mathews v. Eldridge*, 424 U.S. 319 (1976), balancing test.

29. Considering the deprivation of his liberty, formerly granted and approved by Respondents, [the] absence of any deliberative process prior to, or contemporaneous with the deprivation,

and statutory constitutional rights implicated, a writ of habeas corpus is the only vehicle of relief. It is, in essence, the most appropriate remedy." *Lopez*, 2018 WL 2932726.

30. Respondents' detention of Mr. Singh is the fruit of poisonous tree, arising from misapplication of law and facts and are now utilizing their overbroad powers to unlawfully detain a noncitizen.

## CAUSE OF ACTION

### COUNT I

### PROCEDURAL DUE PROCESS VIOLATION UNDER FIFTH AMENDMENT

31. ICE's arrest and detention of Petitioner at a routine check-in, without any predetermination hearing or individualized determination, violated the procedural due process protections of the Fifth Amendment.

32. Under the *Mathews v. Eldridge*, 424 U.S. 319 (1976), balancing test—applied repeatedly by the Third Circuit—Petitioner's strong liberty interest, the minimal risk of flight, and the Government's ability to provide notice and hearing make the absence of process unconstitutional.

33. Courts in this Circuit have found similar abrupt detentions unlawful. See *Lopez v. Sessions*, 2018 WL 2932726, at *5–6 (D.N.J. June 12, 2018)* (ordering release or bond hearing after prolonged detention without individualized review).

### COUNT II

### SUBSTANTIAL DUE PROCESS VIOLATION UNDER THE FIFTH AMENDMENT

34. The Fifth Amendment also prohibits arbitrary or conscience-shocking government conduct. Detaining a fully compliant, non-dangerous asylum seeker without cause after years of cooperation is arbitrary, irrational, and unconstitutional.

### COUNT III

## UNREASONABLE DETENTION UNDER 8 U.S.C. § 1226(A)

35. Petitioner's continued civil immigration detention under 8 U.S.C. § 1226(a) has become unreasonably prolonged and violates the Due Process Clause of the Fifth Amendment. Because § 1226(a) authorizes only discretionary initial custody determination

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Singh prays that this Court grant the following relief:

1. Assume jurisdiction over this matter;
2. Enjoin Respondents from transferring Mr. Singh outside of the jurisdiction of the Western District of New York pending the resolution of this case.
3. Release from custody.
4. Award Mr. Singh attorney's fees and costs under the Equal Access to Justice Act ("EAJA") as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and on any other basis justified under law; and
5. Grant any other and further relief that this Court deems just and proper.

Dated: November 21, 2025

Respectfully submitted,

David M. Gottfried, Esq.
Gottfried & Gottfried, LLP.
595 E River Road
Grand Island, NY 14072
*Attorney for Petitioner*

Dalbir Singh, Esq. (Pro Hac Vice)
Dalbir Singh & Associates, P.C.
40 Wall Street, Floor 25,
New York, NY 10005

212-428-2000
advdalbir@gmail.com

David M. Gottfried, Esq.
Gottfried & Gottfried, LLP.

595 E River Road
Grand Island, New York 14072
*Attorney for Plaintiff*

Dalbir Singh & Associates, P.C.
Dalbir Singh, Esq.
40 Wall Street, Floor 25,
New York, NY 10005

212-428-2000
advdalbir@gmail.com
*Pro Hac Vice Attorney for Petitioner*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT COURT OF NEW YORK

_____

**HARPREET SINGH**

        v        *Petitioner,*

Case No.

**APPLICATION FOR ISSUANCE OF ORDER TO SHOW CAUSE**

**DAREN D K MILLER;**

    In his official capacity as the Field Office Director, Enforcement & Removal Operations ("ERO"), Batavia

**KRISTI NOEM,**
In her official capacity as Secretary, U.S.

    Department of Homeland Security;

**TODD M. LYONS,**

    In his official capacity as Acting Director Of Immigration & Customs Enforcement; and,

**PAMELA BONDI,**

    In her official capacity as Attorney General, U.S. Department of Justice,

        *Respondents.*

_____

1. Pursuant to 28 U.S.C. § 2443 and the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, Petitioner requests that this Court "forthwith" issue an order directing Respondents to show cause why the petition of Habeas Corpus filed by Petitioner pursuant to 28 U.S.C. § 2241 should not be granted.

2. Petitioner challenges his present unlawful detention. *See* Petition for Habeas Corpus, Dkt. No. 1.

3. The federal habeas corpus statute provides that "[a] court, justice or judge entering a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

4. Section 2443 further provides that the writ or order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed."

5. Section 2443 further provides that the court shall hold a hearing on the writ or order to show cause "not more than five days after the return unless for a good cause additional time is allowed."

6. In addition, § 2443 states that the court "shall summarily hear and determine the facts, and dispose of the matter as law and justice require."

7. Pursuant to § 2443, Petitioner requests that the court immediately issue an Order to Show Cause directing Respondents to file a return within three days of the order, showing cause, if any, why the writ of habeas corpus should not be granted, and to

provide Petitioner an opportunity to file a reply within three days after Respondents file the return.

8.     Respondents shall be enjoined from moving Petitioner outside the jurisdiction of this Court until this civil action is resolved.

Dated: November 21, 2025                                          Respectfully submitted,

 

Dalbir Singh, Esq.
Dalbir Singh & Associates, P.C.  40 Wall Street, Floor 25,
New York, NY 10005
212-428-2000
advdalbir@gmail.com
*Pro Hac Vice attorney for Petitioner*

 

David M. Gottfried, Esq.
Gottfried & Gottfried, LLP.
595 E River Road
Grand Island, New York 14072

Dalbir Singh & Associates, P.C.
Dalbir Singh, Esq.
40 Wall Street, Floor 25,
New York, NY 10005
212-428-2000
advdalbir@gmail.com
*Attorney for Petitioner*

UNITED STATES DISTRICT COURT WESTERN
DISTRICT COURT OF NEW YORK

_____

**HARPREET SINGH**                                              Case No.

        *Petitioner,*                                      **PROPOSED**

                                            **ORDER TO SHOW CAUSE**

   v.

**ANDREA UARANTILLO,**
    In her official capacity as the Long Island
    Field Office Director, U.S. Citi enship &
    Immigration Services;

**JUDITH ALMODOVAR;**
    In her official capacity as the New York
    Field Office Director, U.S. Immigration
    & Customs Enforcement

**KRISTI NOEM,**
In her official capacity as Secretary, U.S.
    Department of Homeland Security;

**TODD M. LYONS,**
    In his official capacity as Acting Director
    Of Immigration & Customs Enforcement;
    and,

**PAMELA BONDI,**
    In her official capacity as Attorney General,
    U.S. Department of Justice,

                *Respondents.*

_____

Upon consideration of Petitioner's Application for Issuance of Order to Show Cause pursuant to 28 U.S.C. § 2443 and Petitioner's Petition for Writ of Habeas Corpus [Dkt. No. 1],

IT IS HEREBY ORDERED that:

1. Respondents shall file a return on the Order to Show Cause why the Petition for Writ of Habeas Corpus should not be granted by: _____

2. Petitioner shall have an opportunity to file a reply by: _____

3. This matter shall be heard by this Court on: _____

4. Respondents shall be enjoined from moving Petitioner outside the jurisdiction of this Court until this civil action is resolved.

5. Respondents shall adjudicate Petitioner's I-485 application by _____.

6. Service of this Order shall be made by Petitioner on the United States Attorney for the Eastern District of New York.

**IT IS SO ORDERED.**

_____

**UNITED STATES DISTRICT JUDGE**

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Harpreet Singh

## DEFENDANTS
Daren D K Miller; Kristi Noem; Todd M Lyons; Pamela Bondi

**(b)** County of Residence of First Listed Plaintiff: **Erie**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
David M. Gottfried, Esq., Gottfried & Gottfried, LLP. 595 E River Road, Grand Island, NY 14072 | 646-218-7553

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☒ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 2241
Brief description of cause:
Habeas Corpus petition against Respondents for his unlawful ICE detention

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 11/21/2025
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____